IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE BECKER,                          Case No. 6:12-cv-01427-TC

    Plaintiff,                          OPINION AND ORDER

  v.

WILLAMETTE COMMUNITY BANK,

    Defendant.

---

AIKEN, Chief Judge:

    Plaintiff filed suit against her employer under Title VII and Oregon law alleging gender discrimination, harassment, and retaliation. 42 U.S.C. § 2000e; Or. Rev. Stat. §§ 659A.303, 659A.199. With respect to her retaliation claim, plaintiff alleges that defendant took adverse employment action against her for assisting in a wrongful termination proceeding brought against defendant by a former employee, Maureen Connolly. Specifically,

1 - OPINION AND ORDER

plaintiff alleges that she provided information that supported Ms. Connolly's claims to defendant's counsel during an investigation into Ms. Connolly's allegations. Compl. ¶ 16.

Asserting the attorney-client privilege, defendant moved to strike the second sentence of paragraph 16 of plaintiff's complaint, which alleges:

> Subsequent to the filing of Connolly's lawsuit, an attorney representing Willamette Community Bank interviewed plaintiff on three separate occasions in 2011 in connection with the Connolly lawsuit. Plaintiff provided information that was supportive of Ms. Connolly's case.

Compl. ¶ 16. Defendant also sought a protective order prohibiting any discovery or disclosure of the communications between plaintiff and defendant's counsel. Defendant maintains that plaintiff's statements to corporate counsel are confidential communications protected by the attorney-client privilege, because such statements were made in the context of her employment and for the purpose of obtaining legal advice for defendant. Defendant argues that it, rather than plaintiff, is the holder of the privilege, and that plaintiff is barred from disclosing these communications absent waiver from defendant.

Magistrate Judge Coffin denied defendant's motions and an accompanying motion to file documents under seal,[1] finding that the

---

[1] Defendant states that it filed memoranda and declarations supporting the motions to strike and for protective order under seal. Def.'s Objections at 4 n.3. However, as the motion to seal was denied, those documents are not included in the court's

2 - OPINION AND ORDER

attorney-client privilege cannot be used as a shield to essentially preclude a retaliation claim arising from statements an employee made to the employer's counsel. Defendant now objects. When either party timely objects to any portion of a magistrate judge's ruling on a non-dispositive pretrial matter, the district court may set aside any portion of the ruling found to be "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). I find Magistrate Judge Coffin's denial to be neither of the above. Based on the record before the court thus far, I find no basis to strike the second sentence of paragraph 16.

First and foremost, this case remains in the pleading stage. Though plaintiff's allegation in paragraph 16 certainly implicates her communications with defendant's counsel, her bare allegation combined with the evidence of record do not establish that her communications were "confidential" and within the scope of the attorney-client privilege. Plaintiff's actual communications to counsel are not disclosed in her complaint, and I do not find the allegation that she provided "information supportive" of Ms. Connolly to disclose the specific communications made to counsel.

Second, it is well-established that the attorney-client privilege does not protect against the disclosure of facts that are communicated between a client and counsel. <u>Murdoch v. Castro</u>, 609

---

Electronic Court Filing System. The court grants the motion to seal so that the memoranda and declarations can be filed electronically and made part of the record.

3 - OPINION AND ORDER

F.3d 983, 995 (9th Cir. 2010). Thus, to the extent plaintiff seeks to disclose the factual information she relayed to defendant's counsel, such information is not privileged. And, as noted by defendant, it is widely known that plaintiff spoke to defendant's counsel regarding Ms. Connolly's claims. Even if (as defendant argues) plaintiff did not have a "common legal interest" with defendant regarding Ms. Connolly's lawsuit and was interviewed by counsel as merely a fact "witness," such factual information would not be confidential or subject to the privilege.[2] Until plaintiff's

---

[2] In its reply, defendant argued that plaintiff "was a '<u>represented party' and representative of WCB</u>, not a third party to the litigation, and her managerial status is the reason her conversations with WCB's attorney are protected by the attorney-privilege," while also stating that plaintiff "was not a defendant in the Connolly lawsuit nor did she have any other independent legal interest in the litigation - she was merely a witness." See Def.'s Reply to Pl.'s Opp'n at 9, 10 n.7 (doc. 21). However, if defendant relies on plaintiff's "managerial" status as Vice President and Branch Manager, she clearly would have had some "legal interest" in Ms. Connolly's litigation.

In fact, if plaintiff spoke to counsel in her capacity as an officer and "representative" of defendant and was thus "represented" by defendant's counsel, application of the collective client approach could bar defendant's assertion of the attorney-client privilege against plaintiff in these circumstances. "The 'collective corporate client' approach applies the joint client exception to corporate communications and documents, preventing the corporation from asserting the attorney-client privilege against a former officer or director." Davis v. PMA Companies, Inc., 2012 WL 3922967, at *5 (W.D. Okla. Sept. 7, 2012) (citing Gottlieb v. Wiles, 143 F.R.D. 241 (D. Colo. 1992) and Kirby v. Kirby, 1987 WL 14862 (Del. Ch. Jul. 29, 1987)); but see Montgomery v. eTreppid Technologies, LLC, 548 F. Supp. 2d 1175, 1183-86 (D. Nev. 2008) (discussing the collective client versus the entity client and finding that the Ninth Circuit likely would reject the collective client premise).

4 - OPINION AND ORDER

precise communications and the context in which she seeks to introduce them are at issue, I am not inclined to grant a motion to strike or issue a protective order that would greatly hinder, if not bar, plaintiff's ability to pursue her retaliation claim.

Third, as noted by Magistrate Judge Coffin, this case is distinguishable from those involving the disclosure of confidential communications between an entity client and counsel to a third party litigant. See, e.g., Upjohn v. United States, 449 U.S. 383, 386 (1980) (Internal Revenue Service sought documents and information compiled by employees and given to corporate counsel). Unlike the cases cited by defendant, plaintiff here was a party to her communications while serving as an officer of defendant, and she alleges retaliation based on factual information she provided to counsel. See Ross v. City of Memphis, 423 F.3d 596, 604-05 (6th Cir. 2003) (in response to a motion to compel, municipal employer could assert privilege to prevent disclosure of legal advice given to defendant police officer who raised qualified immunity and advice of counsel as defenses); Fitzpatrick v. Am. Int'l Group, Inc., 272 F.R.D. 100, 102-03, 109 n.6 (S.D.N.Y. 2010); (attorney-client privilege asserted by corporation barred former officer and director's request for documents reflecting "any privileged communications between [the corporation] and corporate counsel dating from when [plaintiff] was President and a Board member," including documents "he once authored or received or otherwise

5 - OPINION AND ORDER

viewed while serving as President and Board member"); <u>Winans v. Starbucks Corp.</u>, 2010 WL 5249100, at *2-3 (S.D.N.Y. Dec. 15, 2010) (attorney-client privilege prohibited disclosure of communications between employees who were putative class members and corporate counsel regarding the execution of employee declarations prepared for the purposes of the litigation).

Under facts analogous to those presented here, the Ninth Circuit permitted former in-house counsel to pursue claims of whistle-blower retaliation against their corporate employer arising from their alleged disclosures of shareholder fraud to the corporate general counsel:

> [Plaintiffs] allege that they raised claims of shareholder fraud at their November 24, 2003, meeting with [General Counsel] and that they were terminated in retaliation for these allegations. There is no reason why the district court cannot limit any testimony regarding this meeting to these alleged disclosures, while avoiding testimony regarding any litigation-related discussions that also took place. To the extent this suit might nonetheless implicate confidentially-related concerns, we agree with the Third Circuit that the appropriate remedy is for the district court to use the many "equitable measures at its disposal" to minimize the possibility of harmful disclosures, not to dismiss the suit altogether.

<u>Van Asdale v. Int'l Game Technology</u>, 577 F.3d 989, 995-96 (9th Cir. 2009) (quoting <u>Kachmar v. SunGard Data Sys., Inc.</u>, 109 F.3d 173, 182 (3d Cir. 1997)). Though defendant does not seek dismissal of plaintiff's claim, I find the rationale in <u>Van Asdale</u> persuasive.

Finally, contrary to defendant's assertions, I do not find that the principles underlying the privilege warrant the scope of

the relief sought. Defendant is correct that the primary purpose of the attorney-client privilege is to facilitate the honest and open exchange of information between the client and counsel. See Upjohn, 449 U.S. at 389 (purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice"). However, the purpose of the privilege cuts both ways in terms of corporate clients. While a corporate employer must be able to conduct a thorough investigation of alleged misconduct without the fear of suit, so, too, must an employee be able to provide full, frank, and honest communication during such an investigation without the fear or possibility of retaliation without recourse.

At this stage of the proceedings, it is simply impossible to define the precise contours of the privilege as applied to plaintiff's communications with counsel. Regardless, I agree with Magistrate Judge Coffin that the purpose of the privilege is not served by striking plaintiff's allegation and issuing a blanket prohibition against the discovery of facts and information related to plaintiff's statements, particularly when such communications already have been "disclosed" to both parties in this action. Surely the parties can agree to a protective order for the purposes of discovery; further disputes as to the admissibility of plaintiff's communications can be resolved as they arise.

7 - OPINION AND ORDER

CONCLUSION

For the reasons stated above, Magistrate Judge Coffin's denial of defendant's Motion to Strike (doc. 7) and Motion for Protective Order (doc. 7) is upheld to the extent discussed above. Defendant's Motion for Order to File Documents Under Seal (doc. 16) is GRANTED to allow defendant to file electronically the memoranda and declarations in support of its motions to strike and for protective order.

IT IS SO ORDERED.

Dated this 16th day of May, 2013.

*Ann Aiken*
Ann Aiken
United States District Judge

8 - OPINION AND ORDER