IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE BECKER,                                    Case No. 6:12-cv-01427-TC

       Plaintiffs,                                                    ORDER

    v.

WILLAMETTE COMMUNITY BANK,

       Defendant.

---

AIKEN, Chief Judge:

    Plaintiff filed suit against her employer under Title VII and Oregon law alleging gender discrimination, harassment, and retaliation. 42 U.S.C. § 2000e; Or. Rev. Stat. §§ 659A.303, 659A.199. With respect to her retaliation claim, plaintiff alleges that defendant took adverse employment action against her for assisting in a wrongful termination proceeding brought against defendant by a former employee, Maureen Connolly. Specifically, plaintiff alleges that she provided information supportive of Ms.

1    - ORDER

Connolly's claims to defendant's counsel, Caroline Guest, during several interviews regarding Ms. Connolly's allegations.

On November 4, 2013, plaintiff served a deposition subpoena on Ms. Guest and directed her to bring "[a]ny notes regarding conversations [Ms. Guest] may have had with [plaintiff] in connection" with Ms. Connolly's lawsuit against defendant. Guest Decl. Ex. 1 (doc. 52). Defendant moved to quash the deposition subpoena, arguing that Ms. Guest's testimony and notes regarding her conversations with plaintiff were confidential attorney-client communications and protected opinion work product.

On December 16, 2013, Magistrate Judge Coffin heard oral argument on the motion. At the conclusion of oral argument, Magistrate Judge Coffin granted defendant's Motion to Quash. Specifically, Magistrate Judge Coffin found that Ms. Guest's testimony and notes were protected from disclosure pursuant to the attorney-client privilege. Subsequently, he issued a Minute Order granting defendant's motion to quash. Plaintiff objects to Judge Coffin's ruling. Doc. 90.

When either party timely objects to any portion of a magistrate judge's ruling on a non-dispositive pretrial matter, the district court may set aside any portion of the ruling found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). I find Magistrate Judge Coffin's ruling to be neither of the above.

I agree with Judge Coffin that Ms. Guest's testimony
implicates confidential attorney-client communications. Plaintiff
apparently intends to inquire about Ms. Guest's conversations with
plaintiff and whether Ms. Guest relayed the substance of those
conversations to defendant's representatives. Clearly, Ms. Guest's
conversations with her corporate client are confidential
communications protected from disclosure. Defendant holds the
privilege, and it has not been waived. Further, as pointed out by
Judge Coffin, if plaintiff testifies about the factual information
she relayed to Ms. Guest, Ms. Guest's testimony on that subject is
not necessary.[1] I decline to compel Ms. Guest's deposition
testimony in these circumstances.

Additionally, Ms. Guest's mental impressions of her
conversations with plaintiff - whether conveyed verbally or in
writing - fall squarely within the parameters of protected opinion
work product. See Fed. R. Civ. P. 26(b)(3)(A). Even if such work
product is not absolutely protected from discovery, plaintiff does
not show either a substantial need for this information or undue
hardship in obtaining its equivalent. Id. As noted by Magistrate
Judge Coffin, if plaintiff testifies that she provided factual

---

[1]I recognize that the court has not issued a final ruling
regarding the parameters of plaintiff's testimony regarding her
conversations with Ms. Guest. However, I am inclined to agree
with Judge Coffin that plaintiff would be allowed to testify as
to the substance of her statements to Ms. Guest and the factual
information plaintiff relayed to her.

3    - ORDER

information supportive of Ms. Connelly to Ms. Guest, jurors can make the inference that Ms. Guest relayed such information to defendants. <u>See</u> doc. 97 at 10-11 (Transcript of Proceedings, Dec. 16, 2013). If Ms. Guest intends to testify to rebut such an inference, the attorney-client privilege will be waived and plaintiff can question Ms. Guest about those communications.

Accordingly, Magistrate Judge Coffin's ruling (docs. 67, 97) granting defendant's motion to quash (doc. 49) is ADOPTED.

IT IS SO ORDERED.

Dated this ___18___ day of February, 2014.

_____
Ann Aiken
United States District Judge

4    - ORDER